# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| BENJAMIN LARSON, Individually and on Behalf of All Others Similarly Situated, | Case No.: 15-cv-1481 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| BLITT AND GAINES P.C. and CAVALRY SPV I, LLC, | |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant Blitt has an office in this District, in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. Plaintiff Benjamin Larson is an individual who resides in the Western District of Wisconsin (Vernon County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Blitt and Gaines, P.C. ("Blitt") is a law firm with its principal office located at 661 Glenn Ave, Wheeling, IL 60090.

6. Blitt has a branch office at 250 E. Wisconsin Avenue, 18th Floor, Milwaukee, Wisconsin 53202. Upon information and belief, Blitt's attorneys who are responsible for collection activities and litigation in Wisconsin operate out of Blitt's Milwaukee office.

7. Blitt is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Blitt is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Blitt is a debt collector as defined in 15 U.S.C. § 1692a.

9. Defendant Cavalry SPV I, LLC ("Cavalry") is a foreign limited liability company with its principal place of business located at 500 Summit Lake Dr, Ste 400, Valhalla, NY 10595-1340.

10. Cavalry is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time Cavalry acquires them.

11. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), citing *Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. Cavalry uses third party debt collector attorneys, including Blitt, to collect allegedly defaulted debts that have been assigned to Cavalry.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, Cavalry) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice,* 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its

2

attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC,* 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice,* disagreeing with *Scally)*; *contra Scally v. Hilco Receivables, LLC,* 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

13. Cavalry, directly or indirectly or both, is a debt collector under the above arrangement and is jointly responsible for the FDCPA violations alleged in this Complaint. 15 U.S.C. § 1692a(6).

**FACTS**

15. On or about October 16, 2015, Blitt drafted an initial debt collection letter to Plaintiff regarding an alleged debt allegedly owed to "Cavalry SPV I, LLC" as successor in interest to "Citibank/AAdvantage." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

16. Upon information and belief, the alleged debt referred to in <u>Exhibit A</u> was an alleged credit card debt, used only for personal, family or household purposes.

17. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, the letter in <u>Exhibit A</u> is the first written communication that Blitt sent to Plaintiff regarding the alleged debt.

19. <u>Exhibit A</u> is signed by "Jesse Ammerman." ("Ammerman") Upon information and belief, Ammerman was an attorney employed by Blitt in October 2015.

20. The letter in <u>Exhibit A</u> also contains the notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g.

21. However, while <u>Exhibit A</u> is dated October 16, 2015, Plaintiff did not actually receive the letter until November 10, 2015.

3

22. Upon receipt of Exhibit A, Plaintiff promptly disputed the validity of the debt in writing. A copy of the letter that Plaintiff mailed to Blitt on November 11, 2015 is attached as Exhibit B.

23. In response to Plaintiff's November 11, 2015 15 U.S.C. § 1692g dispute letter (Exhibit B), Blitt sent what it purported to be a verification of the debt. A copy of the Blitt's verification letter (without enclosures) is attached to this complaint as Exhibit C.

24. Plaintiff mailed a follow-up letter restating his dispute and requesting specific documents on November 17, 2015.

25. Plaintiff requested verification on November 11, 2015 (Exhibit B). However, the verification response is falsely dated November 3, 2015 (Exhibit C).

26. 15 U.S.C. § 1692g(a) requires the debt collector to send the consumer a notice with, or within five days of, the initial communication about an alleged debt, consisting of:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. § 1692g(b).

4

28. Blitt mailed the § 1692g notice to Plaintiff weeks after the date printed on the letter in Exhibit A (October 16, 2015) so that the letter did not reach Plaintiff until November 10, 2015, almost a month after the printed date.

29. Mailing the initial debt collection letter containing the debt validation notice nearly a month after the date of the letter conflicts with and overshadows the § 1692g(a)(3) notice.

30. The unsophisticated consumer would see the date of the letter and believe that his time to dispute the debt had run out or nearly run out by the time he received the letter.

31. Furthermore, Exhibits A and C are printed on Blitt's law firm letterhead, which identifies the sender as:

> **BLITT AND GAINES, P.C.**
> **Attorneys at Law**

32. Both Exhibit A and C include the real or printed signatures of individual attorneys at Blitt – Exhibit A by Ammerman and Exhibit C by David Olefsky, who is an a partner at Blitt.

33. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

34. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*; *see also Clomon v. Jackson,* 988 F.2d 1314, 1320-21 (2d Cir. 1993).

5

35. The Third Circuit has held that collection letters purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included a disclaimer of attorney involvement (which is not present on Exhibits A or B). *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011).

36. Blitt is a high-volume debt collector.

37. The Wisconsin State Bar website states that Ammerman was admitted to the Wisconsin Bar in 2011, and that Ammerman works out of Blitt's Milwaukee office.

38. A search of CCAP using Ammerman's state bar number returns 2,683 cases.

39. Upon information and belief, from the time that consumer debts are placed with Blitt for collection until the time that a legal complaint is drafted, the only employees of Blitt who are directly involved in the collection process of consumer debts are non-attorneys, and a significant portion of Blitt's debt collection activities during that time period consist of computer-automated processes.

40. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Blitt had assessed the validity of the alleged debt to the standards required of an attorney.

41. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Blitt had reviewed any documentation underlying the alleged debt, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debt.

42. Upon information and belief, it is a common practice of creditors to send a computer file with a batch of alleged accounts to debt collection attorneys.

43. Upon information and belief, this computer file often contains only bare-bones information, including, and often limited to, the purported balance, sometimes the purported

6

interest rate, the purported account number, and the alleged debtor's name, address and phone number.

44. Upon information and belief, this computer file does not include the actual contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch.

45. Upon information and belief, Blitt does not request or receive the actual contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch unless the consumer timely disputes the debt pursuant to 15 U.S.C. § 1692g(b), or unless the consumer appears and answers the complaint after legal action is filed.

46. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Blitt had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Blitt, the creditor, or a third party mailing company, generated and mailed Exhibit A to the class.

47. Upon information and belief, if Ammerman actually signed Exhibit A, it was after only a cursory review, if any review at all.

48. Any reasonable collection attorney reviewing Exhibit A would have identified the incorrect date on the letter and corrected the mailing date printed on the letter prior to signing and mailing.

49. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Blitt had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on her debt and a candidate for legal action, nor had any attorney at Blitt been meaningfully involved in the decision to send Exhibit A to Plaintiff.

7

50. Upon information and belief, it is the common practice of Blitt's attorneys to not make a "considered, professional judgment" that legal action is appropriate until months after the dunning letters are mailed, if even then.

51. Upon information and belief, no attorney at Blitt had personally reviewed each class member's collection letter in any meaningful sense, before the letter was mailed.

52. Upon information and belief, no attorney at Blitt had made an individualized assessment of the class member's circumstances or liability, before <u>Exhibit A</u> was mailed to each class member.

53. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

54. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. § 1692e.

55. The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

56. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

35. The Seventh Circuit has held that an attorney who sends debt collection letters with his or her signature, without meaningfully reviewing each individual account and letter personally and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002); *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001).

8

Case 2:15-cv-01481-RTR   Filed 12/11/15   Page 8 of 11   Document 1

## COUNT I – FDCPA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Failure to mail Exhibit A until almost 30 days after the date on the letter overshadows the debt validation notice, in that by the time the unsophisticated consumer receives the letter, he or she will believe the dispute period has passed. 15 U.S.C. § 1692g; *Bartlett*, 128 F.3d at 500.

38. Exhibit A is confusing, deceptive, and/or misleading to the unsophisticated consumer.

39. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g, 1692g(a)(3) and 1692g(b).

## COUNT II – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. Exhibit A creates the false impression that an attorney at Blitt had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

44. Before mailing Exhibit A to Plaintiff and the class, no attorney at Blitt had meaningful involvement with Plaintiff's or class members' alleged debts or the letters.

45. In fact, Exhibit A is a mass-produced, form letter, mailed to consumers using attorney letterhead.

46. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635.

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A, (c) which was mailed 15 days or more after the date shown on the letter, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after December 11, 2015, (f) that was not returned by the postal service.

48. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

49. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e, 1692e(10), and 1692g.

50. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 11, 2015

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com